Filed 4/16/25  P. v. Caseres CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH CASERES,<br><br>    Defendant and Appellant. | 2d Crim. No. B335703<br>(Super. Ct. No. NA094572<br>(Los Angeles County) |

Joseph Caseres appeals the trial court's judgment following a resentencing hearing to strike a now-invalid prior prison term enhancement.  (Pen. Code, §§ 1172.75, 667.5, subd. (b).)[1]  We affirm.

This appeal concerns Caseres's conviction of second degree robbery with a finding of personal firearm use and discharge, as well as prior felony strike conviction and prison term findings.  Caseres received a sentence of 36 years' imprisonment, which

---

[1]All statutory references are to the Penal Code unless stated otherwise.

included one year for a prior prison term enhancement. At a section 1172.75 resentencing, the trial court struck the one-year prison term enhancement, but otherwise reimposed the same sentence. Caseres now complains that the court erred by reimposing the upper-term sentence for robbery without a finding that the aggravating upper-term factor was true beyond a reasonable doubt. (§§ 1172.75, subd. (d)(2)-(4), 1170, subd. (b)(2).) For several reasons, we reject this contention. (*People v. Brannon-Thompson* (2024) 104 Cal.App.5th 455, 466-467.)

### FACTUAL AND PROCEDURAL HISTORY

On December 31, 2012, Caseres took a chain necklace, watch, and earrings from Ramiro Suarez. Caseres fired a firearm near Suarez's ankle, grazing it. Suarez's sister saw the robbery and shooting; she and Suarez recognized and identified Caseres. Prior to trial, Suarez informed a police detective that he had been threatened and would not cooperate in the prosecution. At trial, Suarez testified that he was intoxicated during the crimes and unable to identify the robber.

A jury convicted Caseres of second degree robbery and found that he personally used and discharged a firearm during commission of the crime. (§§ 211, 12022.53, subds. (b) & (c).) In a separate proceeding, Caseres admitted that he had served two prior prison terms within the meaning of section 667.5, subdivision (b), and been convicted of a serious felony and strike conviction. (§§ 667, subd. (a), 667, subds. (b)-(i), 1170.12, subds. (a)-(d).) The prior prison terms were served for a 2004 conviction for making criminal threats, and a 2009 conviction for unlawful possession of a firearm by a felon.

2

*Original Sentencing (2014)*

On January 7, 2014, the trial court imposed a second-strike sentence of 36 years' imprisonment.  The sentence consisted of an upper term of five years for the robbery (then doubled), five years for the serious felony conviction, 20 years for the firearm enhancement, and one year for the prior prison term that concerned unlawful possession of a firearm by a felon.  The court imposed various fines and fees and awarded Caseres 377 days of custody credit.

Caseres appealed and we affirmed.  (*People v. Caseres* (Feb. 19, 2015, B254288) [nonpub. opn].)

*Section 1172.75 Resentencing (2023)*

In 2022, the Department of Corrections and Rehabilitation identified Caseres as an inmate who may be entitled to section 1172.75 resentencing.  On October 30, 2023, the trial court held a resentencing hearing.  In a sentencing memorandum, his attorney requested a 13-year sentence, proposing that the court strike the prior serious felony and strike conviction findings, the firearm enhancement, and the one-year prior prison term enhancement.  The court declined to strike the serious felony and strike conviction findings or the firearm enhancement.  It struck the one-year prison term enhancement (based upon unlawful possession of a firearm by a felon) and otherwise reimposed the same sentence.  The trial judge stated this reason for reimposing the upper term:  "High term is warranted because the defendant had previously served a prison term and [this] is an aggravating factor under California Rules of Court [rule] 4.421(b)(3)."  The court reimposed various fines and fees and awarded Caseres 4,505 days of custody credit.

3

Caseres appeals and contends that the trial court erred by imposing the upper-term because the aggravating factor was not found true beyond a reasonable doubt by the factfinder.

*DISCUSSION*

Section 1172.75, subdivision (a) provides that any prison term enhancement imposed prior to January 1, 2020, pursuant to section 667.5, subdivision (b), except that imposed for a prior conviction for a sexually violent offense, is legally invalid. Section 1172.75, subdivision (c) requires the trial court to recall an applicable sentence and resentence the defendant.

Section 1172.75, subdivision (d)(1) mandates the trial court to impose "a lesser sentence than the one originally imposed . . . unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." At resentencing, the court "shall apply the sentencing rules of the Judicial Council and apply any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (*Id.*, subd. (d)(2).) The court may also consider post-conviction factors, including the defendant's disciplinary record, his rehabilitation, and his age and physical condition affecting any risk for future violence, among other factors. (*Id.*, subd. (d)(3).) "Unless the court originally imposed the upper term, the court may not impose a sentence exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term of imprisonment exceeding the middle term, and those facts have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial." (*Id.*, subd. (d)(4).)

4

Caseres has forfeited his resentencing argument. The trial court provided him an opportunity for full resentencing and argument for application of discretionary and ameliorative changes in sentencing laws. (*People v. Carter* (2023) 97 Cal.App.5th 960, 972 ["a defendant eligible for removal of a prison prior under section 1172.75 must be provided an opportunity for full resentencing to argue for further relief under any other ameliorative changes in law that reduce sentences"].) Caseres did not object that the court was precluded from reimposing the upper term without the factual findings pursuant to section 1170, subdivisions (b)(1)–(3). (*People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th 455, 466-467 [defendant forfeited claim pursuant to section 1170, subdivision (b) by not raising it at resentencing hearing]; *People v. Tilley* (2023) 92 Cal.App.5th 772, 778 [forfeiture where defendant did not seek the lower term, object to the imposition of the middle term, or argue that he suffered from mental illness].)

Forfeiture aside, there is a split of authority whether a trial court resentencing a defendant pursuant to section 1172.75 must find aggravating factors true beyond a reasonable doubt before imposing the upper term. *People v. Brannon-Thompson*, *supra*, 104 Cal.App.5th 455, 458, does not require aggravating factors to be found true beyond a reasonable doubt if the upper term was previously imposed. (§ 1172.75, subd. (d)(4) ["Unless the court originally imposed the upper term . . . ."].) *People v. Gonzalez* (2024) 107 Cal.App.5th 312, 329, interpreted section 1172.75, subdivision (d)(4) to require proof beyond a reasonable doubt in every case due to Sixth Amendment concerns. We find *Brannon-Thompson's* interpretation based upon plain language of the statute persuasive. Here, the court previously imposed the upper

5

term at the original sentencing, and by the plain language of section 1172.75, subdivision (d)(4) could do so again without a reasonable doubt finding.

Moreover, at the original sentencing hearing, Caseres admitted that he served two prior prison terms as described in the felony information.  The prosecutor described the priors by referring to the information, to the case number, brief title of the crime, and the conviction date.  Caseres responded that he "admit[ted]" the prison prior that the prosecutor described as pursuant to section 667.5, subdivision (b), "a violation of [former] section 12021[(a)(1)], commonly known as felony possession of a firearm."  His attorney then stipulated to a factual basis for the admissions and the court determined that "the admissions have been made knowingly, intelligently, understandingly, expressly, and explicitly.  There's a factual basis pursuant to the admission of the defendant."  Caseres's admissions satisfied any burden of proof requirement of sections 1172.75, subdivision (d)(4) and 1170, subdivision (b)(2).

*DISPOSITION*

The judgment is affirmed.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.                    BALTODANO, J.

6

Tomson T. Ong, Judge

Superior Court County of Los Angeles

_____

S.R. Balash, Jr., under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Idan Ivri and Roberta L. Davis, Deputy Attorneys General, for Plaintiff and Respondent.